**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jason Anthony REYNOLDS,**
**Defendant—Appellant.**

**No. 03–50199.**

United States Court of Appeals, Ninth Circuit.

Argued June 9, 2004.

Resubmitted Feb. 1, 2005.

Decided Feb. 7, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Roger W. Haines, Jr., AUSA, Mark R. Rehe, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Vincent J. Brunkow, Ramzi G. Nasser, Esq., FDCA—Federal Defender's of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: D.W. NELSON, GIBSON,* and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant Jason Anthony Reynolds pleaded guilty to importing 53.35 kilograms of iodine without unloading it for inspection by a customs officer, in violation of 18 U.S.C. § 545. He appeals his sentence, contending that the district court improperly applied a cross-reference that requires use of an offense guideline *other than* that applicable to "Evading Import Duties or Restrictions (Smuggling)," United States Sentencing Guidelines § 2T3.1 (2002) (U.S.S.G.), *if* the smuggling "offense involves a contraband item covered by another offense guideline." U.S.S.G. § 2T3.1(c)(1). The district court found that Defendant had reason to believe that the iodine he imported would be used to make a controlled substance and therefore applied the cross-reference and sentenced Defendant under U.S.S.G. § 2D1.11 ("Unlawfully ... Importing ... a Listed Chemical").

Because Defendant's 30–month sentence was imposed under the system of mandatory Guidelines, the enhancement of his sentence based on facts found only by the judge violated the Sixth Amendment. *United States v. Booker*, —— U.S. ——, —— – ——, 125 S.Ct. 738, 755–56, 160 L.Ed.2d 621 (2005). Therefore, we VACATE Defendant's sentence and REMAND the case for resentencing in a manner consistent with *Booker*.

---

* The Honorable John R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

